The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lawrence B. Shuping, Jr. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. However, this panel does amend the Opinion to reflect the recently filed North Carolina Supreme Court Case resolving the issue of a prisoner's remedy when injured while working during incarceration.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
This matter involves a personal injury claim under the Tort Claims Act for the scalp lesions plaintiff allegedly developed due to exposure to chemicals during the four months he worked in the tag plant at Central Prison.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
 For the reasons stated in the Richard v. N.C. Department ofCorrection, No. 250 A95 (NC, Dec. 6, 1996), that the exclusive source of remedy for a prisoner injured while working is through the Workers' Compensation Act, plaintiff's claim for damages under the State Torts Act must fail.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
IT IS THEREFORE ORDERED that plaintiff have and recover nothing that his claim be DISMISSED with prejudice.
Each side shall bear its own costs.
 S/ _______________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER
DCS:bjp